**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHARLES PENNA**                                                                                              **PLAINTIFF**

**V.**                                                                  **NO. 2:12CV164-SA-JMV**

**DOLLAR TREE STORES, INC.,**
**doing business as Dollar Tree Store #1472**                               **DEFENDANT**

<u>**ORDER**</u>

Before the court is Defendant Dollar Tree Stores, Inc.'s motion, filed February 8, 2013, to strike Plaintiff's designation of experts [32]. Defendant essentially argues that Plaintiff's designation of his treating physicians is inadequate because it fails to comply with Fed.R.Civ.P. 26(2) [sic], namely, "[t]here is no written report by any of the experts . . . Specifically, the designation does not address, in any manner, the exhibits, qualifications or list of other cases in which the individuals have given expert testimony." Defendant further contends that "while reference is made to medical records created by those individuals that were provided to Defendant as part of Plaintiff's initial disclosures, those records do not satisfy . . . the requirement for a complete statement of all opinions the witness will express and the basis for said opinions."

The court agrees with Plaintiff that the rules do not require that treating physicians submit written reports when the intent is to limit said experts' testimony to the facts, findings, and opinions contained in his or her treating records. However, though L.U.Civ.R. 26(a)(2)(D) provides that "no written report is required from such witnesses," it also provides that the party must, nevertheless, "disclose the subject matter on which the witness is expected to present

evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify." In this case, because Plaintiff has disclosed each medical provider's treating records, striking the subject witnesses is unwarranted. However, it should be made clear that Plaintiff may not elicit any opinion testimony from said witnesses outside what is contained in the relevant medical records.

**THEREFORE, IT IS ORDERED** that Defendant's motion to strike is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall have until March 8, 2013, to designate its experts.

**SO ORDERED** this, the 22nd day of February, 2013.

/s/ Jane M. Virden
**U. S. MAGISTRATE JUDGE**