IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHARLES PENNA                                                                                    PLAINTIFF

V.                                                                          CAUSE NO.: 2:12-CV-164-SA-JMV

DOLLAR TREE STORES, INC. d/b/a
DOLLAR TREE STORE #1472                                                                         DEFENDANT

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Summary Judgment [29]. For the reasons set forth below, that motion is granted.

*Factual and Procedural Background*

Although the factual record before the Court is limited, the undisputed and pertinent facts are as follows: while shopping in the frozen food department of Dollar Tree on November 17, 2011, Plaintiff tripped over an empty dolly or hand truck placed in the center of the aisle. Defendant admits that the subject dolly was owned and controlled by Dollar Tree, but argues that the placement of the dolly either failed to create a dangerous condition or was an open and obvious hazard that the Plaintiff should have observed. Defendant has thus filed the present motion for summary judgment, arguing that judgment is due in its favor.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

*Discussion and Analysis*

"Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." Wood v. RIH Acquisitions MS II LLC, 556 F.3d 274, 275 (5th Cir. 2009) (citing Massey v. Tingle, 867 So. 2d 235, 239 (Miss. 2004)). In the present case, it is undisputed that Plaintiff was a business invitee at the time of his accident. Accordingly, the owner or lessee had a duty to keep the business premises "reasonably safe and to warn of any dangerous condition that [was]

not readily apparent." Parker v. Wal-Mart Stores, Inc., 261 F. App'x 724, 725-26 (5th Cir. 2008). However, the owner or lessee "is not an insurer of the safety of its invitees," and it is "only liable for injuries caused by a condition that is unreasonably dangerous." Id. at 726.

As a general rule, conditions that are the "type of dangers which are usual and which customers normally expect to encounter on the business premises" are not considered unreasonably dangerous. Tate v. S. Jitney Jungle Co., 650 So. 2d 1347, 1351 (Miss. 1995). Consequently, as articulated by the Fifth Circuit, typical hazards such as "display stands, hand trucks, raised door thresholds, curbs, and steps" will generally not sustain a premises liability action. Smith v. Fed. Cleaning Contractor Inc., 126 F. App'x 672, 674-75 (5th Cir. 2005) (citing Ware v. Frantz, 87 F. Supp. 2d 20, 25 (S.D. Miss. 1999); Wal-Mart Stores, Inc. v. Littleton, 822 So. 2d 1056, 1058 (Miss. Ct. App. 2002); McGovern v. Scarborough, 566 So. 2d 1225, 1228 (Miss. 1990); Kroger, Inc. v. Ware, 512 So. 2d 1281, 1282 (Miss. 1987)).

Illustratively for purposes of the present case, in Littleton, the Mississippi Court of Appeals considered whether a hand truck abandoned in a store aisle constituted an unreasonably dangerous condition. 822 So. 2d at 1059. Relying on Tate, the court held, "the presence of a hand truck is hardly unusual in a store like Wal-Mart, which moves high volumes of merchandise in a large area that is constantly in need of supply." Id. (citing Tate, 650 So.2 at 1351). Thus, the court concluded that "[t]he trial court should have granted Wal-Mart a directed verdict at the close of [plaintiff's] case, since no reasonable jurors could have found for [plaintiff] on the issue of breach." Id.

In the case at hand, Defendant argues that "the object [] over which Plaintiff tripped [] was open, obvious, and did not create a hazardous condition." The Court considers only the latter half of that contention, whether the hand truck created an unreasonably dangerous

3

condition. The Court determines, as a matter of law, that the condition was not unreasonably dangerous pursuant to the case law cited above. In the case at hand, Defendant placed a number of hand trucks in the middle of the aisle immediately preceding the freezer section. Thus, Defendant created a row down the middle of the aisle, dividing the aisle into two sections. While customers could travel down and *around* the row of hand trucks on either side of the aisle, they could not traverse *through* the row of hand trucks. After selecting a number of items for purchase, Plaintiff attempted to leave the freezer section, but failed to accommodate for the row of hand trucks. In attempting to cross through the middle of the row, he tripped and fell on one of the stocking carts.

As articulated in Smith, however, hazards such as "display stands, hand trucks, raised door thresholds, curbs, and steps" will generally not sustain a premises liability action. Smith, 126 F. App'x at 674-75. Like the hand truck considered in Littleton, the placement of the hand truck in the middle of the aisle here "hardly implies a breach of duty by [defendant], since [defendant's] duty is to keep their premises reasonably safe." 822 So. 2d at 1059. Because "the presence of a hand truck is hardly unusual in a [commercial retail store], which moves high volumes of merchandise in a large area that is constantly in need of resupply," the presence of a hand truck for stocking purposes is a danger "which [is] usual and which customers normally expect to encounter on the business premises." Therefore, as a matter of law, it is not an unreasonably dangerous condition.[1]

This Court reaches such a conclusion consistent with Wood, remaining mindful of the Fifth Circuit's caveat that the panel was "uncertain about the present role in state law of [the]

---

[1] Plaintiff cites Gulfport Winn-Dixie v. Taylor in support of his contention that the hand truck at issue constituted an unreasonably dangerous condition. 149 So. 2d 485, 485 (1963). That case, however, was handed down three decades prior to the usual and normally expected hazard standard articulated by the Mississippi Supreme Court in Tate. 650 So.2d at 1351.

principle that usual and normally expected hazards are not unreasonably dangerous." 556 F.3d at 276. Notably, in Wood, the court further enunciated that "[w]e accept that Tate and its almost exclusively federal offspring remain relevant until the Mississippi Supreme Court directs otherwise." Id. at 281. The Mississippi Court of Appeals' ultimate finding in Littleton was based exclusively on the Mississippi Supreme Court's decision in Tate, and the Court finds that it governs for purposes of the present case. See id. (citing Tate, 650 So.2d at 1351).

*Conclusion*

For the foregoing reasons, the Court finds as a matter of law that the hand truck at issue did not create an unreasonably dangerous condition and Defendant's Motion for Summary Judgment [29] is therefore granted.

SO ORDERED, this the 10th day of September, 2013.

/s/ Sharion Aycock
United States District Judge

5